OPINION OF THE COURT

Per Curiam.

Judgment entered January 15,1981 is modified, without, costs, to the extent of reversing the judgment as to the plaintiff Allen Dick and ordering a new trial as to that plaintiff solely on the issue of damages, unless plaintiff Allen Dick, within 10 days after service of a copy of the order entered hereon, with notice of entry, files in the office of the clerk of the trial court a stipulation consenting to the reduction of the verdict in favor of Allen Dick to $15,000, and to amendment of the judgment accordingly. In that event, judgment modified accordingly and, as modified, affirmed, with $25 costs.
*474 The plaintiff Minnie Dick was assaulted and robbed in the vestibule of the building in which she resided, which building was owned and operated by the defendants. Mrs. Dick and her husband had on several occasions during the year prior to the assault complained to the building superintendent that the lock on the door leading to the vestibule was broken. The lock was not fixed and it was through that door that Mrs. Dick’s assailants gained access to the vestibule while Mrs. Dick was waiting for an elevator. Ample proof was adduced during the trial of this action to sustain the jury’s verdict on the issue of liability (Sherman v Concourse Realty Corp., 47 AD2d 134; Horney v World Is. Estates, 20 AD2d 849, affd no opn 15 NY2d 564; Delipetros v Ginsberg, NYLJ, Nov. 1, 1978, p 6, col 1 [App Term]). While we also find the evidence was sufficient to sustain the jury’s award of damages to Mrs. Dick, we find the award of damages to Mr. Dick, for loss of services, to have been excessive (Zablotsky v Vera Transp. Corp., NYLJ, May 28, 1981, p 6, col 6 [App Term]).
Concur: Hughes, J. P., Riccobono and Asch, JJ.